Date signed November 24, 2010



```
_____
      DUNCAN W. KEIR
   U. S. BANKRUPTCY JUDGE
```

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In Re: | * | |
| ROBERT DALE SHORT | * | Case No.   09-30235DK |
| | * | Chapter   7 |
| | * | |
| | * | |
| Debtor(s) | * | |

**AMENDED MEMORANDUM OF DECISION**[1]

The Debtor commenced this Chapter 7 case by the filing of a petition on October 21, 2009. In his petition, the Debtor disclosed and scheduled a pre-petition personal injury claim with an initial assigned value of "$500,000" and claimed the same as exempt in his Schedule C applying the Maryland exemption set forth in MD. CODE ANN., CTS. & JUD. PRO. § 11-504(b)(2).

The chapter 7 Trustee objects to the Debtor's exemption of the pre-petition personal injury claim and argues that a substantial portion of the asset should remain in the bankruptcy estate because it relates to pre-petition unpaid medical bills, pre-petition lost wages, and special damages. The Trustee asserts that because any award received based on these items would not be a payment for an injury to the Debtor's person, and because those medical bills would otherwise be discharged as a result of the bankruptcy, the Debtor's personal injury claim cannot be exempted pursuant to

---

[1] The Memorandum of Decision is amended solely to correct a clerical error.

MD. CODE ANN., CTS. & JUD. PRO. § 11-504(b)(2) (hereinafter "§ 11-504(b)(2)"). The Trustee contends that if the Debtor is allowed to exempt the proceeds of his personal injury claim for pre-petition medical bills, lost wages, and special damages, then the Debtor "would receive a windfall at the expense of his creditors."

The Trustee supports his argument by citing to *In re Hurst*, 239 B.R. 89, 92 (Bankr. D.Md. 1999) wherein the court held that lost wages may not be exempted in a bankruptcy case under Maryland's personal injury claim exemption, and *In re Hernandez*, 272 B.R. 178, 180 (Bankr. D.Md. 2001) which provided that the personal injury exemption does not cover money received on account of dischargeable pre-petition medical costs in a bankruptcy case because that would result in "a windfall at the expense of those creditors who extended the medical care that made the recovery possible."

The Debtor argues that the recent decision by the Maryland Court of Appeals in *Roseman v. Salsbury, Clements, Beckman, Marder & Adkins, LLC*, 987 A.2d 48 (Md. 2010) (holding that a personal injury settlement was exempt from attachment – even for the purpose of enforcing a judgment for unpaid child support), invalidates this court's opinions in *In re Hurst* and *In re Hernandez*. The Debtor contends that the *Roseman* case makes it clear that there is no limitation on the Maryland personal injury exemption. Under Debtor's interpretation, because child support has priority over nearly all other creditors' claims, *Roseman* stands for the proposition that no creditor is entitled to any portion of a personal injury settlement.[2]

---

[2] No clear indication of any child support claim appears in the record of this case. The Debtor listed no debts having priority under 11 U.S.C. § 507(a)(1) on Schedule E. Schedule F lists a debt held by creditor Michelle Williams described as "medical expenses." A proof of claim on behalf of Michelle Williams is filed with the description: Circuit Court Judgment Marital Settlement Agreement." However the attachments to the proof of claim are a promissory note and security agreement without any reference to a domestic support obligations.

Notwithstanding the Maryland Court of Appeals' holding in *Roseman*, this court's holdings in both *In re Hurst* and *In re Hernandez* remain persuasive precedent and the Debtor's exemption of the entire pre-petition personal injury claim is not valid. At least part of the asset should remain in the bankruptcy estate. The Debtor's argument that the *Roseman* decision in effect overrules the conclusions stated in *In re Hurst* and *In re Hernandez* is incorrect. As to an interpretation of state law, a federal court is required to follow a decision determining the issue made by of the highest court of that state. *Wells v. Liddy*, 186 F.3d 505, 527-28 (4th Cir. 1999). However this court finds that the interpretation of § 11-504(b)(2) stated by the Maryland Court of Appeals in *Roseman* is not inconsistent with the application of § 11-504(b)(2) set forth in *In re Hurst* and *In re Hernandez*.

In *In re Hurst*, this court held that a personal injury claim may not be exempted from the bankruptcy estate under § 11-504(b)(2) to the extent that it compensates a debtor for pre-petition lost wages. The court explained the reasoning behind its ruling:

> [The] purpose of §11-504(b)(2) is to make whole, in the eyes of the law, a person who has been injured. Section 11-504(b)(2) forbids attachment of money that was awarded to a person for sickness, accident, injury, or death, thereby protecting a debtor from being required to pay her creditors with a pound of flesh.

*Id.* at 91. Applying this reasoning, the court held that only money received as compensation for injuries to the person may be exempt under § 11-504(b)(2) and that a monetary award compensating a debtor for lost wages is in fact compensating the debtor for a loss of property. The fact that the damages are obtained as the result of a personal injury lawsuit, does not alter the character the damages as property. *Id*. The court further provided that if the debtor had not been injured, the unspent wages she would have earned had she worked would have been property of the bankruptcy estate. *Id*. The court concluded that if the debtor could exempt lost wages under § 11-504(b)(2) simply because she was injured, she would receive a windfall to which she would not have been entitled had she not been injured. *Id*. at 92.

The court expanded the discussion in *In re Hernandez*, 272 B.R. 178 (Bankr. D.Md. 2001), wherein it held that money received on account of a dischargeable pre-petition medical bill is not exempt under the personal injury exemption. *Id*. at 180. The court followed its reasoning from *Hurst,*: holding that if the debtor was allowed to exempt the proceeds of a dischargeable debt, he would obtain a windfall at the expense of creditors who had provided medical care. *Id*.

In *Roseman*, the judgment debtor owed money as part of a child support obligation and the ex-husband sought and obtained two judgments to recover the unpaid child support. The ex-husband then sought to satisfy the judgments by attaching on the settlement proceeds that the judgment debtor had received as part of a prior personal injury claim. *Roseman,* 987 A.2d at 50-51. In its analysis, the Court cited this court's opinion in *Niedermayer v. Adelman*, 90 B.R. 146, 149 (Bankr. D. Md. 1988). In *Niedermayer* this court established the test for whether pre-petition lost wages or pre-petition medical expenses can be exempted under § 11-504(b)(2). In *Niedermayer*, this court found that the "test in determining whether a claim for 'injury of the person' falls within the exemption of this statute is whether the claim is for injury to the property of the debtor or whether it is for injury to the person proper. If the latter, it will be exempt." *Id*.

In *Roseman*, no bankruptcy case was filed, and no claims of creditors were being discharged. Instead, the judgment creditor asserted that the exemption of § 11-504(b)(2) should not apply to the holder of a domestic support claim. The Court of Appeals disagreed.

> Mr. Roseman argues that these various statutory methods for enforcing a child support obligation demonstrate generally that an obligee's right to receive support trumps an obligor's right to receive any funds in compensation for a personal injury. We are compelled to disagree. Although the many statutes enacted by the Legislature indeed demonstrate a strong public policy in favor of enforcing child support awards, that does not authorize this Court, when the clear application of the presently considered statute supplies a result that is adverse to that policy, to fashion from whole judicial cloth an exception to the statute. We are not a super-legislature.

*Roseman*, 987 A.2d at 56.

In the instant case, the Debtor relies on the *Roseman* decision to argue that because the personal injury claim was exempted in *Roseman*, and child support claims are of the highest priority for distribution under 11 U.S.C. § 507(a), that the entire personal injury claim in this case, must also be exempted. In other words, if the creditor could not reach the personal injury claim in the child support case, then he certainly cannot reach the personal injury claim in Chapter 7 case.

This agreement ignores the recitation with apparent approval by the Court of Appeals in *Roseman* of the limitation of the exemption under § 11-504(b)(2) in the context of a bankruptcy case.

> "The law will, within limits, allow for attachment of his property for the satisfaction of debts, and for that matter lawsuits that go with that property, but it will not allow for attachment of his person for such purpose. Under these principles we can expect that a car which is burned in an electrical fire will be subject to attachment, as would be any claim against the insurance company for the fire loss. On the other hand, a person is not a chattel subject to attachment in satisfaction of a debt, and so, too, a lawsuit seeking to recompense him for damage to his person is likewise protected from attachment."

*Roseman* at p. 54-55 (quoting *Neidermayer,* 90 B.R. at 148.

Not only does the Debtor's argument mischaracterize the holding and reasoning of *Roseman*, but it also misinterprets the present state of the law in Maryland. In fact, in *Roseman* the Court rejected the same claim that the Debtor is making in this case. *Roseman*, 987 A.2d at 56.

As explained in *In re Hurtz*, the lost wages included in an award in a personal injury action were, under the *Neidermayer* test, a property right in the bankruptcy context because the unspent wages would have been property of the bankruptcy estate. Creditors are entitled to a distribution from such assets and will be prevented from further collection by the discharge order in the case. In this legal context, to allow such special damages to be exempted which damages are not recompense to the debtor for injuries to his physical person, would result in a windfall to which debtor would not have been entitled if he had not been injured. *In re Hurst* 238 B.R. at 91-92.

*Roseman* did not, expressly or implied, disagree with the reasoning and results in *In re Hurtz* or *In re Hernandez*. The Court of Appeals refused to carve out a new exception in the law of attachment on judgment that would have excepted judgment for unpaid domestic support claims from the exemption of § 11-504(b)(2).

This court finds no basis to depart from the holdings of *In re Hurtz* and *In re Hernandez* based on the decision in *Roseman* and will not permit the debtor to have the windfalls in this bankruptcy case that *In re Hurtz* and *In re Hernandez* correctly prevent.


cc:   Debtor
      Debtor's Counsel
      Chapter 7 Trustee
      U.S. Trustee
      All Other Parties-In-Interest

**End of Decision**